ON MOTION TO STAY MANDATE
PER CURIAM.
After the mandate issued in this case, the appellant moved this court for a motion to stay the mandate because the supreme court subsequently decided Wilhelm v. State, 568 So.2d 1 (Fla.1990). The appellant claims that Wilhelm is controlling and requires reversal because the identical jury instruction disapproved in Wilhelm was given in the instant case. We stayed the mandate to consider the effect of Wilhelm and were aided by supplemental briefs filed by the parties. We disagree with the appellant that Wilhelm is controlling and now order that the mandate issue wherein we affirmed the appellant’s conviction.
In Wilhelm, the defendant was charged with vehicular homicide, manslaughter and driving while under the influence [DUI], the latter pursuant to section 316.1931, Florida Statutes (1985). The jury acquitted Wilhelm of vehicular homicide and manslaughter but found him guilty of DUI under the statute. The supreme court held that the following instruction given to the jury impermissibly shifted the burden of proof of an element of the offense to the defendant:
If there was at that time 0.10 percent or more by weight of alcohol in the person’s blood, that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. ...
Wilhelm v. State, 568 So.2d at 2. The supreme court explained that a reasonable juror, confronted with such a technical legal term as prima facie, and otherwise provided with no definition, would be forced to guess at its meaning and could easily understand the instruction as a mandatory irrebuttable presumption. Thus were Wilhelm’s due process rights violated.
The supreme court pointed out a significant distinction between the Wilhelm holding and its recent holding in State v. Rolle, 560 So.2d 1154 (Fla.1990). In Rolle the defendant was charged pursuant to section 316.193, Florida Statutes (1985), which had alternative elements for the prosecution to prove: either that Rolle was impaired by alcohol [DUI] or that he had an unlawful blood alcohol level [DUBAL], Since Wilhelm was convicted only under section 316.-1931, which had no provision comparable to DUBAL, the “prima facie” language without explanation impermissibly lead the jury to believe it must find impairment. In Rolle, the jury need not have found impairment if it found the necessary blood alcohol level to satisfy the alternative element of the crime under section 316.193. It is this distinction which is important to our holding.
The appellant, like Rolle under the identical 1985 version, was charged under section 316.193, Florida Statutes (1987), which has alternative methods of proof: DUI or DUBAL. The jury, therefore, could have *1017 found the appellant guilty based on a finding that his blood alcohol level exceeded .10 percent. The prosecution presented evidence showing that the appellant’s blood alcohol level was .13 percent; the defense presented evidence that the test was poorly done so as to skew the test results. From this conflicting evidence the jury found the appellant guilty of violating section 316.193 although the verdict form does not specify under which alternative the jury so found. Because there was competent, substantial evidence upon which to ground the jury verdict, we cannot disturb that finding.
Additionally, the instruction given in the instant case, although paralleling the “pri-ma facie” language used in Wilhelm, was followed by a definition of “prima facie”. This fact further distinguishes the appellant’s case from Wilhelm. We conclude the jury was not impermissibly led to believe that it was faced with a mandatory irrebuttable presumption.
We order that our original mandate affirming the appellant’s conviction issue forthwith.
DANAHY, A.C.J., and HALL and THREADGILL, JJ., concur.